WILLIAM A. SOKOL, Bar No. 072740
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
TRACY L. MAINGUY, Bar No. 176928
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bsokol@unioncounsel.net
         clozano@unioncounsel.net
         tmainguy@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the CMTA-GLASS, MOLDERS, POTTERY, PLASTICS & ALLIED WORKERS LOCAL 164B PENSION TRUST and the CMTA-GLASS, MOLDERS, POTTERY, PLASTICS & ALLIED WORKERS LOCAL 164B HEALTH AND WELFARE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>VALLEY PATTERN & MFG, INC., a California Corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY** |

Plaintiffs complain of Defendant, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this district

1
COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY
Case No.

court because contributions are due and payable in the County of Alameda. Therefore, intradistrict venue is proper.

**PARTIES**

II.

At all times material herein, Plaintiffs, the Board of Trustees, were trustees of the CMTA-Glass, Molders, Pottery, Plastics and Allied Workers Local 164B Pension Trust ("Pension Trust") and the CMTA-Glass, Molders, Pottery, Plastics and Allied Workers Local 164B Health and Welfare Trust ("Health Trust"). The Pension Trust and the Health Trust (collectively "Trust Funds") employee benefit plans created by written Trust Agreements subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and multiemployer employee benefit plans within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). The Board of Trustees administers the Trust Funds and may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements.

III.

At all times material herein, Defendant Valley Pattern & Mfg., Inc. ("Defendant"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

**ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

IV.

At all relevant times, Defendant was signatory and bound to a written collective bargaining agreement ("CBA")with the Glass, Molders, Pottery, Plastics and Allied Workers International Union and its Local No. 164B ("Union"), a labor organization within the meaning of section 301 of the LMRA (29 U.S.C. § 185). Defendant became subject to all the terms and conditions of the Trust Agreements establishing the Trust Funds by virtue of signing the CBA with the Union.

/ / /

/ / /

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY
Case No.

V.

The CBA and Trust Agreements provide for prompt payments of all employer contributions to the Trust Funds and provide for liquidated damages, not as a penalty but as a reasonable attempt to provide for payments to cover the damages incurred by the Trust Funds in the event of a breach by the employer where it would have been impracticable or extremely difficult to ascertain the losses to the Trust Funds. The Trust Agreements also provide for the payment of interest on all delinquent contributions, attorneys' fees, other collection costs, and for the audit of the signatory employer or employers' books and records in order to permit the Plaintiff to ascertain whether all fringe benefit contributions have been timely paid as required by the CBA and law.

**FIRST CLAIM FOR RELIEF**
**(AUDIT)**

VI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

VII.

The Board of Trustees has, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds pursuant to CBA are fully and correctly made. The purpose of the Trust Funds is to provide retirement and health and welfare benefits for workers on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that the employer who is signatory to the CBA comply with the terms of the CBA with respect to payments of contributions to the Trust Funds.

VIII.

The Trust Agreements provide that:

> The Board shall have the power, acting through designated public accountants, certified public accountants, or its designated agent to examine such of the payroll and employment records of any Employer as may be necessary to determine whether such Employer is complying with this agreement and Declaration of Trust.

(Article VI, Section 6.03 Pension Trust Agreement; Article VI, Section 6.03 Health and Welfare Trust Agreement.)

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY
Case No.

IX.

Plaintiffs cannot determine whether Defendant has made prompt and correct payment of all contributions, and as a consequence, good cause appearing therefore, communications have been directed to Defendant by representatives of Plaintiffs demanding that Defendant submit to an audit pursuant to the CBA and Trust Agreements.

X.

Defendant has failed, refused or neglected to allow the audit as requested or inspection of its books, records, papers, or reports in accordance with the provisions of the Trust Agreements. As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the amount of damages, if any, suffered by the Trust Funds. Plaintiffs have no adequate remedy at law, and the individual workers who are the beneficiaries of the Trust Funds, particularly the employees of Defendant, are damaged thereby and also have no adequate remedy at law.

XI.

Plaintiffs are intended third party beneficiaries of the CBA, but Trust Fund contribution delinquencies are excluded from the arbitration provision of said agreement.

**SECOND CLAIM FOR RELEF**
**(BREACH OF CONTRACT)**

XII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XIII.

Defendant has failed, neglected or refused to allow Plaintiffs access to the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Fund, in violation of the Agreement.

XIV.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreement.

XV.

Plaintiffs are entitled to reasonable attorneys' fees, interest and other reasonable expenses incurred in connection with this matter due to Defendant's failure to allow the audit or refusal to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4
COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY
Case No.

pay all fringe benefit contributions due pursuant to the terms of the applicable CBA, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

### THIRD CLAIM FOR RELIEF
### (WITHDRAWAL LIABILITY)

XVI.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XVII.

ERISA Section 4201 (29 U.S.C. §§ 1145) provides that the Trustees shall have the authority to assess withdrawal liability against contributing employers who terminate participation in the Plaintiff Pension Trust for any reason. The withdrawal liability shall be determined as set forth in ERISA and the Pension Trust's governing documents and an employer shall be liable for withdrawal liability if it terminates participation in a benefit plan maintained by the Pension Trust.  The withdrawal liability shall be due and payable by the employer upon demand by the Pension Trust.

XVIII.

In May 2015, Defendant withdrew participation from the Pension Trust and ceased to contribute to the Pension Trust, thereby completely withdrawing from the Pension Trust. Under Section 4201 of ERISA (29.U.S.C. § 1381), an obligation exists upon an employer that withdraws from the Pension Trust to pay an amount known as withdrawal liability as determined by the Board of Trustees pursuant to the applicable statutory, administrative, and contractual provisions.

XIX.

In March 2016 and pursuant to Sections 4202 and 4219 of ERISA (29.U.S.C. §§1382, 1399), the Pension Trust calculated the amount of Defendant's withdrawal liability to be $178,311.00. Under the payment schedule, Defendant was required to make quarterly payments of $3,376.75 commencing on June 30, 2016.

XX.

On May 5, 2016, the Pension Trust notified Defendant that its withdrawal liability to Plaintiff was $178,311.00, and demanded payment. The notice also informed Defendant of its

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY
Case No.

1  right to make a lump sum payment of the entire amount or make payments according to the
2  payment schedule. The notice informed Defendant that Defendant must make its payments to the
3  Pension Trust even if Defendant requested a review of the withdrawal liability determination.
4  The notice informed Defendant of the components of the withdrawal liability and included
5  documentation.

XXI.

Defendant has failed to make one or more of the required payments of withdrawal liability to the Pension Trust.

XXII.

On August 9, 2016, the Pension Trust notified Defendant that it failed to submit its quarterly payment, and that the withdrawal liability would be in default if the payment with interest was not received within 60 days after receipt of the notice of overdue payment.

XXIII.

Under Sections 515, 4219(c)(5) and 4301(b) of ERISA (29 U.S.C. §1145, 1399(c)(5), 1451(b)) and the Pension Trust Agreement, such a failure to make a withdrawal liability payment is considered a default and thus a delinquent contribution. Section 4219(c)(5) of ERISA (29 U.S.C. §1399(c)(5)) provides that in the event of a default, a plan sponsor may require immediate payment of the entire amount of outstanding withdrawal liability, plus accrued interest on that total amount of outstanding liability from the due date of the first payment which was not timely made.

XXIV.

Defendant has failed to remit its outstanding withdrawal liability with interest and the total outstanding withdrawal liability is now due. As such, Plaintiffs are forced to bring the present action to collect withdrawal liability plus interest, liquidated damages, attorneys' fees and costs and such other legal or equitable relief as the Court deems appropriate.

XXV.

By reason of the foregoing, Defendant is indebted to Plaintiff in the sum of $178,311.00, together with interest thereon, liquidated damages, attorney's fees, and other costs in accordance

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6
COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY
Case No.

with the Pension Trust Agreement and Sections 4301(b) and 502(g) of ERISA (29 U.S.C. §§ 1451(b), 1132(g)).

**WHEREFORE**, Plaintiffs pray for judgment against Valley Pattern & Mfg., Inc., as follows:

1. That Defendant be compelled to forthwith submit to a full audit by auditors selected by the Trust Fund at the premises of Defendant during business hours, at a reasonable time or times, and to allow auditors to examine and copy such books, records, papers, reports of Defendant relevant to the enforcement of the CBA or the Trust Agreement, including but not limited to the following:

> Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120 - 1040 or partnership tax returns; general ledger - (portion relating to payroll audit).

2. That Defendant be ordered to pay actual damages according to proof;

3. That this Court issue an injunction compelling Defendant to forthwith cease its refusal to submit to an audit of its books, records, papers and reports as required by the agreement to which it's bound;

4. That upon completion of the audit, Defendant be ordered to pay over to Plaintiffs such sums as shall be ascertained to be due from Defendant plus interest;

5. That Defendant be ordered to pay withdrawal liability of $178,311.00, plus interest and damages thereon;

6. That Defendant be ordered to pay attorneys' fees;

7. That Defendant be ordered to pay costs of suit herein;

8. That this Court grant such further relief as this Court deems just and proper; and

/ / /

/ / /

/ / /

/ / /

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY
Case No.

9. That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amount found due and owing.

Dated:  October 31, 2016

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:  */s/ Concepcion E. Lozano-Batista*
CONCEPCION E. LOZANO-BATISTA
Attorneys for Plaintiffs

142226\887361

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8
COMPLAINT FOR AUDIT; BREACH OF CONTRACT; AND WITHDRAWAL LIABILITY
Case No.